HOWELL *v.* SHEWELL, executrix.

One who, as agent of the owner of real estate, engages an auctioneer to make a sale thereof at public outcry, cannot, as the auctioneer's clerk, make an entry or memorandum of the sale so as to bind a bidder to whom the property was knocked off by the auctioneer. July 29, 1895.

Petition for specific performance. Before Judge HUTCHINS. Clarke superior court. October term, 1894.

An auction sale of land owned by plaintiff was held. Anderson was plaintiff's agent to sell, and as such he hired Coleman as auctioneer. Coleman put up the land in lots for sale, and Anderson acted as his clerk, and made a memorandum of the sale for his own purposes and as clerk for the auctioneer. As the land was knocked off, the auctioneer called out the name of the buyer and the amount of the bid, and Anderson entered both on the memorandum, which Coleman examined after the sale and on the same day, and saw that it was correct. Among other purchasers was the defendant, who bought three of the lots at the figures written on the memorandum, he being the highest bidder on these three. This action was brought after tender of a deed conveying the three lots to defendant, and his refusal to take and pay for them. On the trial the memorandum made by Anderson was offered in evidence, and was excluded for

the reason stated in the decision.   Thereupon the plaintiff was nonsuited.

SYLVANUS MORRIS, for plaintiff.

ERWIN & COBB, for defendant.

LUMPKIN, Justice.

Under the statute of frauds, any contract for the sale of lands, or any interest in or concerning them, must be in writing.   Code, §1950, par. 4.   An exception to this rule is, however, stated in section 2630, which declares that in case of sales by auction, the auctioneer shall be considered the agent of both parties, so as to dispense with any further memorandum in writing than his own entries.

After much conflict of decision, the doctrine has become settled that entries of such sales made by the auctioneer's clerk, if he is a disinterested person, will be sufficient to bind a bidder to whom the property offered for sale is finally knocked off.   We think this is going quite far enough in the direction indicated; and after careful and laborious search, have been unable to find any authority whatever for the proposition that the owner of the property sold may act as the auctioneer's clerk for the purpose of making an entry to bind a bidder at the sale.   Where the owner employs an agent to sell property, and this agent, in turn, engages the services of an auctioneer to conduct the sale at public outcry, the agent should no more be permitted to act as clerk for the auctioneer than the owner himself.   Such agent represents the owner, and no one else; and is, in perhaps a modified degree, under the same kind of temptation which might induce the owner himself to make a false entry.   At any rate, the agent is certainly not, as to the matter in hand, disinterested; and no one who is not entirely so should be permitted to act as the auctioneer's clerk.                         *Judgment affirmed.*