S. J. HOLMAN v. C. M. RAYNESFORD et al.

No. 78.

1. EVIDENCE — *Objection after Verdict too Late.* While witnesses should not testify to mere conclusions, yet an objection on the ground that the testimony was so given cannot be made for the first time after verdict, when such testimony was accepted at the time it was given as competent evidence of the facts to which it related.

2. ——— *Statements and Communications by Third Parties.* The statements and communications made by a third person to one of the parties to an action concerning the subject-matter thereof are, as a rule, not competent evidence against the adverse party, and are properly rejected when they were not made in the presence of such adverse party or under circumstances which would make him legally responsible therefor.

3. ——— *Circumstances and Relations May be Shown.* It is proper for the court to permit to be shown the circumstances surrounding a transaction in controversy, and the relations of the parties to the action, for the purpose of aiding the jury in judging of the reasonableness of the respective claims of the parties who testify directly contradictory to each other with reference thereto.

4. NEW TRIAL — *Misconduct of Counsel.* In order that the misconduct of counsel for the successful party may furnish sufficient ground for a new trial, it should appear that the verdict of the jury was probably influenced thereby.

MEMORANDUM.— Error from Ellis district court; LEE MONROE, judge. Action by S. J. Holman against C. M. and Alice M. Raynesford on two promissory notes and to foreclose a mortgage. Judgment for de-

fendants. Plaintiff brings the case to this court. Affirmed. The opinion herein, filed May 5, 1896, states the material facts.

*A. J. Bryant*, for plaintiff in error.
*Reeder & Reeder*, for defendants in error.

The opinion of the court was delivered by

GARVER, J.: This was an action brought by the plaintiff in error, as plaintiff below, against the defendants in error and one E. G. Raynesford, on two notes aggregating $1,000, and for the foreclosure of a mortgage securing the same. The notes were executed in August, 1887, and payable in one year after date. The only question in the case arose upon a plea of payment, which was presented by the answer of C. M. Raynesford, and grew out of the following facts: About March 7, 1889, C. M. Raynesford, whom we shall designate as the defendant, sold and conveyed to the plaintiff certain real estate for the consideration of $2,000. The defendant claimed an agreement between him and the plaintiff that the notes involved in this action should be paid and satisfied by such conveyance, and by the deduction of the amount of the notes from the purchase-money. On the part of the plaintiff, it was contended that no such agreement was made, but that, on the contrary, it was agreed that such portion of the purchase-money should be paid by Holman to E. G. Raynesford, on account of certain indebtedness owing to him by C. M. Raynesford, and that such payment was made. Upon the evidence, the jury found in favor of the defendant, and judgment was accordingly entered against the plaintiff for costs.

The plaintiff in error insists that the verdict of the

jury is not sustained by any competent evidence ; and, therefore, that the court erred in overruling his motion for a new trial. ˙ An examination of the record discloses the fact that while the evidence is not voluminous it is positively contradictory. It presents a case upon conflicting evidence which is peculiarly within the province of a jury to decide, under the directions of the trial judge. The mere fact that the evidence, as presented by the inanimate record, might lead an appellate court to a conclusion different from that arrived at by the jury, is not a sufficient reason to justify setting the verdict aside. It is objected that the testimony of the defendant upon the matter of the agreement was nothing more than the statement of conclusions ; that facts were not testified to ; and, hence, that there was no competent evidence upon which the verdict could be based. There is doubtless no little force in the objections urged to the character of much of the testimony introduced upon the trial, but they are objections which lie with equal pertinence to much of the plaintiff's own testimony. The witnesses were thus permitted to testify, for the most part, without objection from either party, their statements apparently being accepted as competent evidence of the matters to which they related. Under these circumstances, it cannot be objected for the first time after verdict that the evidence was incompetent and could not properly be considered by the jury.

The plaintiff also complains of the ruling of the court rejecting certain evidence which was offered as tending to corroborate his claim as to the nature of the agreement. That which is particularly complained of and pointed out in the brief is the refusal of the court to allow in evidence certain letters which passed

between the plaintiff and E. G. Raynesford concern-
ing the application of the $2,000 which, in the land
sale, Holman was to pay C. M. Raynesford.    We fail
to see how such letters were admissible for the pur-
pose for which they were offered.    It is true E. G.
Raynesford was a party defendant in this case, and
had an interest in the land sold ; but he had no inter-
est in the $2,000 to be paid for the interest of C. M.
Raynesford, and he made no defense to this action,
the issue on trial being solely between the plaintiff
and C. M. Raynesford.    It is not claimed that the
latter had any knowledge of such communications, or
that he was in any way responsible for them.    Noth-
ing that E. G. Raynesford might have said to Holman,
either before or after the land sale, had any legitimate
tendency to prove what the agreement was between
Holman and C. M. Raynesford as to the payment of
the debt evidenced by the notes in suit.

During the progress of the trial the court permitted
the counsel for the defendants to make various in-
quiries with reference to the relations existing between
the plaintiff and E. G. Raynesford about the time of
the land sale, over the objections of the plaintiff.
This is now complained of, on the ground that such
inquiries were wholly irrelevant to the issues in the
case, and naturally tended to prejudice the plaintiff's
rights with the jury.    Some of the inquiries may, per-
haps, be said to be irrelevant.    They were, at least,
unimportant.    It was, however, proper for the court
to permit the relations of the parties to be shown, as
bearing upon the probabilities of the contract being
made as claimed by one or the other of the parties.
C. M. and E. G. Raynesford were brothers.    Holman
was their brother-in-law.    Affecting these three par-
ties, there seem to have been various joint interests

and matters of unsettled accounts, which had existed for some years. The plaintiff and the defendant both testified upon the trial, directly contradicting each other with reference to the terms of the agreement as to the application by Holman of the purchase-money due from him to the defendant on the land sale. The circumstances surrounding the parties at that time might properly be considered for the purpose of aiding the jury in judging of the reasonableness of their respective claims.

Further complaint is made as to the conduct of the counsel for the defendants. It is claimed that, during the trial and in argument to the jury, the counsel went outside of the record to indulge in improper and prejudicial remarks concerning the plaintiff. We think some of the language attributed to the counsel was clearly improper, was uncalled for and without justification under the evidence in the case. Upon the showing made on the hearing of the motion for a new trial, it appears "that it required frequent objections from counsel for plaintiff and positive rulings of the court to keep said attorney for the defendants from almost continually seeking to elicit testimony of the above character and from making such statements to the jury." In what manner the court checked such conduct and attempted to correct any wrong impressions made thereby upon the jury does not appear. We presume that the trial judge did his duty in this respect. If so, we cannot say that the objectionable conduct would of itself furnish sufficient ground to set aside the verdict. If it appeared that the verdict was probably influenced by such remarks we should not hesitate in setting it aside. In the trial of causes, counsel should confine themselves to the discussion of such questions as are within the

issues, without indulging in abusive reflections upon parties or witnesses which are not warranted by the evidence. When this rule is transgressed the trial judge should be prompt and resolute in keeping counsel within proper bounds, and should effectively nullify all improper influences thus sought to be exerted. No higher duty than this rests upon the trial judge, and its disregard tends most strongly to the miscarriage of justice.

Upon the whole record, we find no substantial error prejudicial to the rights of the plaintiff. The judgment will be affirmed.

All the Judges concurring.