No. 22,305.

J. C. TUCKER, *Appellant*, v. G. S. FINCH and MRS. G. S. FINCH, *Appellees*.

SYLLABUS BY THE COURT.

1. SPECIFIC PERFORMANCE—*Conveyance of Homestead—Contract Signed by Husband Alone—No Ratification by Wife.* A wife who involuntarily joins with her husband in signing a deed conveying their homestead to a third party does not thereby ratify a contract for the conveyance of the homestead, signed by the husband alone without the knowledge or consent of the wife.

2. SAME—*Deed Conveying Homestead—Evidence Showing Wife Signed Under Duress.* A wife who claims that under duress by her husband she signed a deed conveying their homestead to a third party, where objection is not made, may testify, in an action brought to compel specific performance of a contract to convey their homestead signed by the husband alone without the knowledge or consent of the wife, that she did not sign the deed voluntarily and of her own free will and consent.

3. SAME—*Contract for Conveyance of Homestead—Signed by Husband Alone—Not Enforceable—No Damages Recoverable.* Specific performance of a contract for the conveyance of a homestead cannot be compelled where the husband alone signed the contract without the knowledge or consent of his wife, and damages cannot be recovered from the husband for his failure or refusal to convey the homestead according to the terms of the contract.

Appeal from Coffey district court; WILLIAM C. HARRIS, judge. Opinion filed March 6, 1920. Affirmed.

*H. M. Funston,* and *W. S. Jenks,* both of Ottawa, for the appellant.

*Joe Rolston,* of Burlington, *G. H. Lamb,* and *W. E. Hogueland,* both of Yates Center, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff seeks to compel specific performance of a written contract between himself and G. S. Finch, for the exchange of real property. Judgment was rendered in favor of the defendants, and the plaintiff appeals. The trial court made special findings of fact as follows:

"1. The defendants, G. S. Finch and Mrs. G. S. Finch are and were at all the times mentioned in the pleadings here, husband and wife, residents of Coffey County, Kansas.

"2. That the lands which plaintiff seeks to compel the defendants to convey is and was at all times mentioned in the pleadings in these actions, the homestead of the defendants and their family.

"3. At the time of entering into the contract sued on in this case for the exchange of lands, the plaintiff knew that the land of the defendants was occupied by them as a home.

"4. In the latter part of January, 1918, the defendants, G. S. Finch and wife, executed a deed to the homestead to the plaintiff herein.

"5. That the deed so executed was executed by the defendant, Mrs. G. S. Finch, under duress of her husband and was not her free voluntary act and her consent was never given to the execution of said deed.

"6. That on or about February 28, 1918, the defendant, Mrs. G. S. Finch, obtained possession of the deed executed by herself and husband for the transfer of the homestead hereinbefore mentioned and destroyed the same and refused to join in a conveyance of the said homestead.

"7. That by the terms of the contract entered into between plaintiff and defendant, G. S. Finch, plaintiff was to furnish an abstract of title showing a merchantable title to plaintiff's property in Ottawa, Kansas, prior to March 1, 1918, but failed to furnish said abstract.

"8. Plaintiff failed to execute and deposit a deed to his property in Ottawa, Kansas, to G. S. Finch as required by the contract sued on in this case.

"9. That the contract in question was never signed by Mrs. G. S. Finch, but was executed by defendant, G. S. Finch, her husband, without her knowledge or consent and she never approved, ratified or consented thereto.

"10. Said contract was entered into on the 27th day of September, 1917.

"11. The defendant, G. S. Finch, recommended to plaintiff Tucker, one Garrett, as tenant and later, at the request of Garrett, wrote a letter of recommendation to Tucker for Garrett, recommending him for tenant for the defendant's homestead. The defendant, Mrs. G. S. Finch, wife of G. S. Finch, had no knowledge of her husband's recommendations of Garrett as a tenant.

"12. The plaintiff Tucker entered into a lease with said Garrett for the property or homestead of defendant Finch.

"13. Plaintiff Tucker entered into a contract with G. S. Finch, to seed to wheat certain of said land, agreeing to pay said Finch for the labor and to furnish the seed; that thereafter plaintiff Tucker paid defendant, G. S. Finch, $62 for labor in putting in the wheat on the homestead of defendants.

"14. The defendant, Mrs. G. S. Finch, had no knowledge of the transaction mentioned in the preceding finding and never endorsed or ratified or consented to said acts.

Tucker v. Finch.

"15. Defendant, G. S. Finch, tendered to plaintiff a return of the money expended for putting in the wheat, which was refused by plaintiff Tucker."

On these findings of fact, the court made the following conclusions of law:

"1. The contract entered into on the 27th day of September, 1917, being for the exchange of the homestead of defendants, G. S. Finch, and Mrs. G. S. Finch, is void for the reason that the wife, Mrs. G. S. Finch, did not sign same nor consent thereto nor ratify the actions of her said husband in signing the same.

"2. That the lease executed by the plaintiff Tucker to said Garrett for said homestead is null and void; that plaintiff is entitled to recover from the defendant, G. S. Finch, the $62, the amount paid for putting in wheat on the land in controversy. That defendants should have judgment in both cases numbers 7435 and 7443 for their costs."

1. The first proposition argued is that Mrs. Finch, when she signed the deed, ratified the contract, and thereby became bound by its terms. The proposition thus argued is directly opposed to the 5th and 9th findings of fact. These findings of fact were supported by evidence.

During the cross-examination of Mrs. Finch, the following occurred:

"Q. Now I want to ask you more particularly about that quarrel that you had there that morning.

"The Court: Just a moment. We are spending a good deal of time on something here that I think I can solve pretty soon. Mrs. Finch, did you execute this deed in question voluntarily and of your own volition? A. Did I of my own accord?

"The Court: Yes; and of your own consent and free will? A. I did not, Mr. Judge.

"The Court: I will not consider that evidence of what took place there now as being between husband and wife."

Mrs. Finch had testified on direct examination that Mr. Finch had insisted on her signing a deed to convey their homestead, and on her refusal to do so, had told her that their home would be broken up; that he would take their boy and leave her, and would not live with her any more. She had also testified that she did not sign the contract and did not know anything about it. The evidence also tended to prove that she obtained possession of the deed after it had been signed, and that she destroyed it. Leaving out the evidence of the threats by the husband to the wife, there remained the evidence of the wife that she did not sign the deed volun-

tarily and of her own consent and free will. That was sufficient to justify the court in finding that the deed was not the free and voluntary act of Mrs. Finch, and that her consent was never given to the execution of the deed. There was evidence which justified the court in finding the facts set out in finding numbered 9.

2. It is argued that the court committed error in admitting that evidence of Mrs. Finch which tended to show that she was under duress from her husband at the time she signed the deed. This contention is based on the third subdivision of section 321 of the code of civil procedure (Gen. Stat. 1915, § 7223), which declares that a husband and wife are incompetent to testify for or against each other concerning any communication made by one to the other during the marriage, whether called while that relation subsisted or afterward. Part of the evidence, that in which Mrs. Finch testified to what her husband had said to her, may have been admitted in violation of the statute (*Anderson v. Anderson,* 9 Kan. 112), but that part of her evidence, not objected to by the plaintiff, in which Mrs. Finch testified in response to questions by the court that she did not sign the deed voluntarily and of her own consent and free will was not in violation of the statute. She was a competent witness in her own behalf and could testify to her own acts and conduct. If the plaintiff desired to exclude that evidence on the ground that it was a conclusion of the witness, he should have objected thereto. (*Grandstaff v. Brown,* 23 Kan. 176; *Holman v. Raynesford,* 3 Kan. App. 676, 44 Pac. 910.)

3. On the trial the plaintiff asked for damages against G. S. Finch, if specific performance could not be compelled. No damages were given, although there was evidence which tended to prove that damages were sustained. Standing in the way of the collection of damages by the plaintiff is section 4699 of the General Statutes of 1915, which reads: .

"That no action for the specific performance of a contract for the sale or exchange of real estate in the state of Kansas or for damages by reason of the violation of any contract to sell or exchange lands within the state of Kansas, occupied as a homestead by the owner and his family, shall be maintained unless the contract of sale is signed by both husband and wife, or by an agent or broker duly authorized in writing by both the husband and wife to make such sale or exchange."

The contract was not signed by Mrs. Finch, and she did not know that it had been signed by Mr. Finch. She did not ratify the contract by signing the deed after the contract was made. Instead, she obtained possession of the deed and destroyed it, thereby affirmatively expressing her disapproval of the contract and her determination not to be bound by it. The plaintiff cannot recover damages from G. S. Finch for the failure of the defendants to perform the contract for the exchange of real property. (*Martin v. Hush,* 91 Kan. 833, 139 Pac. 401.)

The plaintiff argues several other propositions, none of which are of any benefit to him on account of the conclusions reached on the three propositions that have been discussed.

The judgment is affirmed.