No. 23,043.

H. Q. BANTA, *Appellee*, v. W. E. NEWBOLD and EMMA NEWBOLD, *Appellants*.

SYLLABUS BY THE COURT.

SPECIFIC PERFORMANCE—*Sale of Land—Contract Made by Real-estate Agent—Contract Void Under Statute of Frauds.* Where the owners of land sign a writing authorizing an agent to make a binding agreement for its sale at a net price to them, he to retain any excess as his commission, they agreeing to execute a deed to him or any one he may select, one with whom the agent makes an oral contract for a sale in excess of the minimum price named cannot maintain an action against the owners for specific performance, because the requirement of the statute of frauds is not met, by reason of his not being designated in the writing signed by the defendants. And a subsequent written contract between the agent and one of the landowners for the purchase by him of this land and another tract, in which reference is made to his having sold a part thereof to such proposed buyer, does not supply what is necessary to the maintenance of such an action.

Appeal from Decatur district court; CELSUS A. P. FALCONER, judge. Opinion filed March 12, 1921. Reversed.

*J. P. Noble,* and *Perry T. Noble,* both of Oberlin, for the appellants.

*A. C. T. Geiger,* and *J. F. Peters,* both of Oberlin, for the appellee.

The opinion of the court was delivered by

MASON, J.: H. Q. Banta brought an action against W. E. Newbold and Emma Newbold for the specific performance of a contract for the sale of real estate. The defendants appeal from the overruling of a demurrer to the petition.

The question involved is as to the effect of the statute of frauds. The allegations of the petition may be thus summarized: The defendants are the owners of the land in controversy. They entered into a written contract with Joseph H. Young by which he was appointed their agent to find a purchaser for it, and to enter into a contract for its sale at $23 an acre net to them, he to have as a commission any excess. A provision was included that they would make a deed either to him or any one he might direct. Young then as such agent contracted with the plaintiff for the sale of the land to him at something over the price named. The plaintiff made a part payment on the purchase price to Young, who paid it to the defendants, but no new writing was then executed. Later W. E. Newbold and Young signed a written contract in which Newbold and his wife were described as parties of the first part and Young as party of the second part for the sale to the latter of the land already referred to and another tract which was owned by Newbold. The plaintiff was not referred to therein as a party to the contract, nor did he sign it; but it contained a recital that it was made "in pursuance to the listing contract heretofore made with second party, and under which second party has sold a portion of hereinafter described land to one H. Q. Banta."

We think the petition fails to state sufficient facts to constitute a cause of action in favor of the plaintiff because neither the agreement for the sale of the land to him, nor any such memorandum thereof as the statute contemplates, was in writing signed by the defendants. (Gen. Stat. 1915, § 4889.) It is essential that a writing to be effective shall not only be signed by the party to be charged, but also designate the party in whose favor he is charged. (25 R. C. L. 655; 20 Cyc. 261; 29 A. & E. Encycl. of L. 864.) The first of the two written contracts set out in the petition does not name, describe or in any way refer to the plaintiff, who was not a party to it. We

do not regard the fact that the defendants agreed therein to make a deed to Young, or any one he might direct, as converting the contract into one for the benefit of the plaintiff in such sense as to enable him to sue upon it, and this action is brought by him alone. The second contract in our judgment is powerless to help the plaintiff's case, not for the reason that he did not sign it, but because he was not a party to it and because it was not signed by Mrs. Newbold, who shared with her husband the ownership of the land. The signature of Young, who was the agent of the Newbolds, cannot be considered as executed in behalf of Mrs. Newbold because the contract was between him and them and this fact excludes the theory of his acting as their representative. For this reason also the contract cannot be given effect as a memorandum of the sale to the plaintiff signed by Young as agent of the defendants. Moreover, the writing affords no indication as to what portion of the land described was included in the sale to which it refers. Of course, the mere payment of a portion of the purchase price was not a sufficient part performance to take the case out of the statute. (*Guthrie v. Anderson*, 47 Kan. 383, 28 Pac. 164.)

The judgment is reversed with directions to sustain the demurrer to the petition.