### WALKER v. KEELING.

No. 5400.

Court of Civil Appeals of Texas. Amarillo.

March 2, 1942.

Rehearing Denied March 30, 1942.

Nelson & Brown and G. E. Lockhart, all of Lubbock, for appellant.

Vickers & Campbell, of Lubbock, for appellee.

FOLLEY, Justice.

This suit was filed by the appellant, J. B. Walker, a real estate broker, against the appellee, J. W. Keeling, to recover a brokerage commission in the sum of $320 alleged to have been due the appellant in connection with the sale of 160 acres of appellee's land in Lynn County. At the conclusion of the evidence in a trial before a jury, the trial court peremptorily directed a verdict for the appellee upon the theory that the brokerage agreement was not evidenced in writing as required by Article 6573a, Vernon's Ann.Civ.St., known as the Real Estate Dealers License Act.

The facts show that the appellant was a duly licensed real estate dealer. He met the appellee in the road some few miles from the land involved. After some preliminaries relative to a sale of the land and the commission to be allowed, the appellant broker wrote a memorandum in his notebook which the court excluded from the jury, but which was admitted in the record for the purpose of a bill of exceptions. Such memorandum was as follows: "Memo. 3–4–41 Go east to pavement, then south to the road that runs east. Just before you get to the brick home,.

then go east to the end of the road. Then south one mile to the quarter, house on the northeast corner. Price $45.00 an per acre, commission $2.00 per acre. Must sell in week to get possession. Owner, Walter Keeling."

It is admitted that the appellee did not sign this memorandum, nor did he expressly authorize the appellant to sign his name for him. The appellant contends that under the facts there was an implied agreement for the appellant to sign appellee's name to the memorandum. In support of his contention the appellant testified that he asked the appellee what his initials were, that appellee replied "Walter," and that appellant then told appellee he would sign the latter's name for him, which he did. This testimony was contradicted and denied by the appellee. It is conceded there was no other memorandum or writing evidencing the agreement. It is also uncontroverted that the land was thereafter sold upon the terms mentioned in the memorandum to a purchaser to whom the appellant had talked about the sale. However, there is a dispute between the parties as to whether the broker fulfilled the time limit allegedly placed upon the sale by the appellee, but, in view of our other conclusions herein, we think this matter becomes immaterial.

■■ Under the above facts, it is our opinion there does not exist in this case any memorandum or writing signed by the appellee, or by some person by him lawfully authorized, sufficient as a predicate for a recovery of the commission. We rest our decision in this respect to a large extent upon the wholesome rule announced in 1 Mechem on Agency, par. 180, in the following language: "While there does not appear to be any reason why, in the ordinary case of a written contract or memorandum, one party may not, in the presence and by the direction of the other at least, sign the latter's name to the contract or memorandum made between them, it is held that, in the case of the note or memorandum required by the statutes of frauds, the other party cannot be the agent referred to in the statute. The theory is that it would defeat the whole purpose of the statute if the other party, who could not under the statute directly establish the contract by oral testimony, may do so indirectly by establishing by such testimony that he was made the agent of the other to sign the note or memorandum."

The above rule was quoted with approval by the Fourth Court of Civil Appeals in Mondragon v. Mondragon et al., 239 S.W. 650, 653, and the soundness of such rule was also approved by the Supreme Court in disposing of a writ of error in the same cause. 113 Tex. 404, 257 S.W. 215, 216.

In further support of this rule, in 27 C.J. 293, § 365, in discussing the authority to sign as agent under the statute of frauds in general, it is stated: "* * * One party to the contract cannot be the agent of the other party for the purpose of signing. The agent of one party only is not the agent of the other party for the purpose of signing."

[3, 4] While the above rule as announced applies to causes arising under the statute of frauds generally, we think it should apply to a cause of action arising under the Real Estate Dealers License Act, which is but an extension of the statute of frauds. Goen et al. v. Hamilton, Tex.Civ. App., 159 S.W.2d 231, opinion dated January 26, 1942. In our judgment the Legislature, in passing this Act, did not intend that the agent himself might be authorized in parol by the principal to sign the principal's name to the written memorandum mentioned in Section 22 of the Act. To so hold would destroy the obvious purpose of the Act, which was to prevent fraud. The great mischief thus intended to be prevented would still exist if the broker might sign the agency memorandum for the landowner. Instead of preventing fraud, such a practice would, no doubt, encourage both fraud and perjury. It would enable the agent to draw an agency contract to suit his own desires and, by proving his authority by his own testimony, to bind the landowner to a contract which the latter had not made, and thereby establish liability for a commission by parol testimony, when the statute plainly says it can only be done by writing. In this connection we have just recently held that an appellant broker who sued for such a commission, and who pleaded an oral contract therefor, was not entitled to recover either upon the oral contract or upon a quantum meruit, and that his petition was subject to a general demurrer. Landis et al. v. W. H. Fuqua, Inc., Tex.Civ.App., 159 S.W.2d 228. We therefore conclude there was no error in the judgment based upon the directed verdict. Asbury v. Mauney, 173 N.C. 454, 92 S.E. 267, and authorities cited; Wilson et al. v. Lewiston Mill Co., 150 N.Y. 314, 44 N.E. 959, 55 Am.St.Rep. 680; Banta

v. Newbold et al., 108 Kan. 578, 196 P. 433; Howell v. Shewell, 96 Ga. 454, 23 S.E. 310, 51 Am.St.Rep. 148; Eugene L. Lezinsky Co., Inc., v. Hoffman et al., 111 Misc. 415, 181 N.Y.S. 732; Jenness v. Mount Hope Iron Co., 53 Me. 20; Hinckley v. Arey, 27 Me. 362; Strong, Whitney & Co. v. Dodds, 47 Vt. 348.

The judgment is affirmed.