No. 38,604

ALICE CLARK, *Appellee*, v. EDDIE AXLEY, *Appellant*.

(254 P. 2d 313)

Opinion filed March 7, 1953.

*Robert L. Kimbrough,* of Topeka, argued the cause, and *George E. McCullough,* of Topeka, and *W. J. King,* of Geuda Springs, were with him on the briefs for the appellant.

*W. H. Schwinn,* of Wellington, argued the cause, and *Tom L. Schwinn,* of Wellington, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This was an action to enforce a contract for the conveyance of real estate. The case has been before this court previously in *Clark v. Axley,* 162 Kan. 339, 176 P. 2d 256, which was an appeal from an order overruling defendant's demurrer to the amended petition. The detailed summary of the allegations of the amended petition and of the provisions of the contract sued upon, contained in the opinion in that case, are by reference incorporated herein.

Following our former decision defendant filed an amended answer. This pleading is lengthy and will not be detailed. It is sufficient to say that in general it denies certain grounds for relief relied upon by plaintiff, alleges reasons why plaintiff should not recover, and prays for judgment quieting title to the property in defendant.

Upon the issues thus joined trial was had, and at the conclusion thereof the court made ten conclusions of fact and four of law.

They will not be set out, but the substance of them is that plaintiff had proved the allegations of her amended petition and was entitled to the relief prayed for. Pursuant thereto the court entered judgment in favor of plaintiff in the amount of $558.55, and decreed that within sixty days from date defendant execute a deed to the property in question to Cradit, and that on defendant's failure to perform, as directed, the judgment and decree be held and adjudged to operate as a transfer of the property.

Defendant's motion for a new trial being overruled, he has appealed and alleges twelve specifications of error. An examination of them discloses that, with possibly one exception, all questions of law raised by them were decided by our former decision, *supra.* That exception has to do with defendant's contention that the written contract between plaintiff and defendant, and upon which this action was brought, was erroneously admitted in evidence because of the fact the mortgage registration fee thereon had not been paid, citing G. S. 1949, 79-3101, 3102 and 3107.

The answer to this contention simply is that the contract, the provisions of which are summarized in our former decision, *supra,* is not such a contract as is covered by the statutes above mentioned.

There remains, then, the one question—are the findings of the trial court supported by the evidence and is the judgment supported by those findings?

This was essentially a fact case. No useful purpose would be served by setting out in this opinion the detailed conclusions of fact or the evidence in support thereof. It is sufficient to say that we have examined the evidence in connection with each of the findings and in our opinion each is supported thereby. Each month this court has occasion to announce the familiar rule that findings of fact supported by substantial, competent evidence are conclusive and will not be disturbed on appellate review even though the record discloses some evidence which might have warranted the trial court in making findings to the contrary. (*Shotzman v. Ward,* 172 Kan. 272, 279, 239 P. 2d 935.)

The record in this case discloses no error and the judgment of the lower court is in all respects affirmed.