## Central Texas Mining, Manufacturing, and Land Company v. B. F. Weems, Receiver.

### No. 2596.

1. **Statute of Frauds.**—The defense of the statute of frauds that no writing evidenced the contract investigated, does not apply to an executed contract. An act voluntarily done can not be undone upon the plea that the person doing it was under no legal obligation to perform the act.

2. **Same.**—That plaintiff was not legally bound to pay the rents due by another will not unsettle an adjustment, if shown, by which the rents were paid out of funds of plaintiff. Plaintiff having so used the money can not recover it again.

3. **Limitation.**—See facts held not to constitute the relation of trustee on part of a bank receiving funds, so as to prevent the running of the statute of limitations.

APPEAL from Harris. Tried below before Hon. James Masterson. The opinion states the case.

*O. T. Holt*, for appellant.— 1. Plaintiff could not be held responsible to pay the debt of another when the agreement was not in writing signed by it. Rev. Stats., art. 2464, subd. 2.

2. The appellant can not be charged with paying the debt of the Houston & Texas Central Railway Company without an agreement in writing signed by the appellant.

The record in this case nowhere discloses any fact or facts by which appellant became liable or promised to pay the debt of the Houston & Texas Central Railway Company, or pay the debts of any other person; yet the court submitted the fact as a credit if found by the jury.

3. The City Bank was a trustee for plaintiff, and the law made it the duty of said bank not to misappropriate its funds in payment of its own and other indebtedness. It is the duty of a bank after having received money on deposits not to apply it except upon the written order of the depositor. Seale v. Baker, 70 Texas, 283.

*Hutcheson, Carrington & Sears*, for appellee. — 1. Appellant practically attempts to plead the statute of frauds in this court for the first

time in this case by asserting that it "could not be held responsible to pay the debt of another when the agreement was not in writing signed by it." To be available this point should have been specially pleaded in the court below, and not raised here for the first time. Gaines v. National Exc. Bank, 64 Texas, 18; Life Ins. Co. v. Davidge, 51 Texas, 244; Cross v. Evarts, 28 Texas, 523; Duffy v. O'Donovan, 46 N. Y., 223; Marston v. Smith, 66 N. Y., 206; 6 Cal., 149; 63 Mo., 78.

2. The court's charge, taken all together, correctly presents the rights of the parties as to the equitable offset claimed by the defendant. If the plaintiff, the City of Houston, and the bank, and the other companies represented by Col. Jordan, all agreed that the bank should use in payment of its taxes to the city, or otherwise, the money held in the "rock pavement" account, offsetting it against the last account, then the plaintiff could not recover, as such settlement was one competent to be made and was binding upon all the parties to it. This was the charge practically. Story's Eq. Jur., secs. 1434, 1437; 2 Parsons on Con. 625, 626.

3. There was positive testimony that this rent was due the bank to a greater amount than this claim, and that this "rock pavement account" was held in payment of it by consent of the plaintiff. Levy v. Fische, 65 Texas, 311; Reeves v. Roberts, 62 Texas, 550.

4. Appellant's cause of action is barred by limitation. The court below erred in not sustaining the defense or permitting the jury to pass on it, but the same result has been attained, and this court will not reverse where it is apparent that plaintiff can in no event recover.

5. But this court will not reverse a correct finding based upon a wrong ground. Porcheler v. Bronson, 50 Texas, 555; Mainwarring v. Templeman, 51 Texas, 211; Dean v. Crenshaw, 47 Texas, 10.

STAYTON, CHIEF JUSTICE.—Appellant alleges that it contracted with the city of Houston to pave certain streets for a sum of money agreed upon for the different kinds of work necessary; that it completed the work, which entitled it to $13,880.26, which, less $7979.21, was collected by the City Bank of Houston, of the assets of which appellee was appointed receiver about December 19, 1885.

It is further alleged that the bank collected the money as trustee for appellant and agreed to hold it until drawn by it, but that not needing the money it had remained in the bank until the receiver was appointed, and this action was brought against him to recover the sum claimed, with interest from the time the bank suspended business. This action was brought October 17, 1887.

The receiver pleaded the statute of limitations of two and four years, and alleged that the money claimed by appellant never was in whole or in part on deposit in the bank for the use of plaintiff, to its credit, or as its money, and that the bank never did become the bailee or trustee for it.

He further alleged that the money was appropriated by agreement between the president of the bank and Mr. Jordan, who was the vice-president and manager of the business of the appellant corporation, in payment of rents due to the bank from the Houston & Texas Central Railway Company, which in the agreement was represented by Mr. Jordan, who was its president. He further alleged that appellant knew of these settlements and acquiesced in them, and pleaded a general denial.

It was shown that the bank collected the most of the money due from property owners for paving done by appellant or became responsible for it; that after the work was done accounts against property owners liable for the cost were made out by the city of Houston and placed in the hands of the bank for collection, which when made were placed to the credit of the "rock paving account," subject to check by the city alone; that all of the sum so collected except that sued for was paid out on checks drawn by the city in favor of Mr. Jordan, who was the representative of the appellant corporation.

There is no evidence to show that the bank ever held the sum collected by it as the money of the appellant or subject to its check. It was further shown that sometime about September 14, 1882, the vice-president and manager of appellant demanded payment of $5697.58½ from the city by a note of that date addressed to the mayor, and this was the balance then claimed to be due on the paving contract.

Immediately after this was done a settlement was made between the mayor and Jordan, which was satisfactory to the latter so far as the city was concerned. In reference to that matter the mayor stated that "he told Col. Jordan that Major Botts (president of the bank) and myself had made arrangements for the payment of this account some time before, and he remarked that it was all right, that he and Botts would settle it; that they had accounts together and understood the matter. He told me that he and Major Botts, as president of the City Bank, had accounts together; he was alluding to the City Bank."

There was further evidence tending to show that there was an understanding between Col. Botts, the president of the bank, and Mr. Jordan, the representative of appellant, that the money now sued for should be appropriated by the bank in satisfaction of rents due to it from the Houston & Texas Central Railway Company for rooms used by that corporation as well as by the appellant corporation, Mr. Jordan being the president of the one and vice-president and manager of the business of the other.

Col. Botts and Mr. Jordan both died before this action was brought.

The evidence leads to the further inference that there was some common interest between the railway and appellant corporations, but its extent or character is not developed by the evidence.

The court below gave the following charge:

"If from the evidence you find that by agreement or understanding by and between Jordan, representing the Houston & Texas Central Railway Company, and Botts, representing the bank, the rents due from said railway company should be charged against money received by said bank on account of rock pavement contract with plaintiff, and if Jordan, representing plaintiff, agreed thereto or by the course of dealing had by and between the bank and Jordan, representing plaintiff, then to the extent of such rent account the bank is entitled to a credit, and you will so allow it, for in that case plaintiff must look to the Houston & Texas Central Railway Company and not to the City Bank."

The objection urged to this and another charge is that appellant could not be held responsible for a debt of the railway company in the absence of a written agreement so binding it, signed by some person authorized to bind it.

There was no objection to the evidence so far as the record shows, and there was no plea setting up the statute of frauds; but had there been, we do not see under the facts of this case that this could have changed the result.

Were appellee seeking to enforce a parol agreement subject to the statute of frauds, and under it to collect from appellant a debt due to the bank from the railway company, then the question would arise as to the obligation of appellant.

If, however, appellant through its authorized representative practically paid a debt due to the bank from the railway company, then it can not recover the sum so paid simply on the ground that it may have been under no legal obligation to make the payment.

That which a person or corporation does voluntarily can not be undone simply because there was no legal obligation to do the act.

No want of power in Mr. Jordan to make the agreement, which the jury must have found existed, is shown.

It is urged that the verdict was not sustained by the evidence, but we do not see that this is true.

The persons who transacted the business between the two corporations are dead. There is evidence tending to show that there was an adjustment of the matter in a manner satisfactory to the parties; the sum claimed by appellant was due to it as early as September 14, 1882, but notwithstanding this, although Major Botts, the president of the bank, lived until three years after that time, and Mr. Jordan, the representative of appellant, lived until some time in the year 1884, no claim was ever made by appellant for the money until this action was brought on October 17, 1887.

The long delay in asserting the claim under the peculiar facts shown is entitled to much consideration, and especially so when it is shown that appellant was anxious to collect the money on September 14, 1882, but

after some agreement in reference thereto was subsequently made or called to the attention of its representative, no further claim was asserted until after the lapse of more than five years, when those having knowledge of the exact transaction between the parties had passed away.

It is urged that the bank was a trustee for the plaintiff and could not appropriate its funds in payment of its own or other indebtedness.

The facts are not shown that would make the bank a trustee for appellant, but were it otherwise this would not affect the rights of the parties if its right to the money was surrendered by an agreement made by its own recognized representative.

The court below instructed the jury that appellant's cause of action was not barred by the statutes of limitation, but as the judgment must be affirmed on the merits under the finding of the jury, it is not necessary to pass on the correctness of the court's ruling on limitation.

It is ordered that the judgment of the court below be affirmed.

*Affirmed.*

Delivered March 8, 1889.