### MATAGORDA  COUNTY  v.  W.  H.  CASEY.

Decided February 1, 1908.

**1.—County School Land—Manner of Sale.**

The Constitution does not contemplate that a county must sell its school land directly by and through its Commissioners' Court, but that such court may sell the same in such manner as it may direct.   An order by a Commissioners' Court appointing agents for the sale of its school land considered, and a sale by such agents upheld.

**2.—Same—Contract of Agency—Payment of Commissioners—Construction.**

A contract between a Commissioners' Court and its agents for the sale of the county school land "bound the court and the county to pay to the agents

ten percent on the gross amount of the sales, to be paid as the purchase money comes in." Held, not necessarily an obligation to pay to the agents any part of the purchase money received from the school land, and hence not illegal.

Error from the District Court of Wise County. Tried below before Hon. J. W. Patterson.

*J. W. Conger* and *John E. Linn,* for plaintiff in error.—The court erred in overruling the plaintiff's general demurrer to the trial amendment of the defendant, because said trial amendment was wholly insufficient, and shows no cause of action or grounds of defense as against plaintiff's cause of action herein:

1st: Because it wholly fails to allege that the defendant, or his grantor, was a bona fide purchaser for value from any person whomsoever authorized to convey the school lands of plaintiff county.

2d: Because it wholly fails to show or allege that the defendant paid to any person any of the deferred payments upon said land or premises who was authorized to receive the same, but on the contrary shows upon its face that the defendant was dealing with purported agents, acting without authority of law to represent the plaintiff county, and was charged with the burden of following the funds paid to said purported agents to the proper custodian thereof, to wit, the county treasurer of Matagorda County. Collins v. Warren, 63 Texas, 318; National Bank v. Texas Investment Company, 74 Texas, 434; International & G. N. Ry. v. Pape, 73 Texas, 503; State of Texas v. Moore, 57 Texas, 307; Wharton County v. Ahldag, 84 Texas, 12.

A plea of purchase and payment, to avail against a county as the trustee of its public school lands, must allege a purchase and payment from one legally authorized to sell and receive payment, and must show that payment was made to and received by the legal custodian of such fund and indebtedness. Harding v. Titus, Dal., 623; Hann v. Broussard, 3 Texas Civ. App., 481; article 1266, Rev. Civ. Stat.; Grothaus v. Witte, 72 Texas, 124.

It is beyond the scope of the constitutional and statutory authority of a County Commissioners Court to appoint an agent of its county to sell and convey its county school lands, in consideration of ten percent of the gross proceeds of all lands sold by said agent so appointed. An order passed or an appointment thus made is void; confers no authority upon the agent so appointed and acting thereunder, and all persons dealing with an agent so appointed would be and were charged with notice, and would deal with him at their peril. Sec. 8, art. 1537, Rev. Stat., 1895; art. 790, Rev. Stat., 1895; Baldwin v. Travis County, 40 Texas Civ. App., 149, and authorities cited; Dallas County v. Club Land & Cattle Company, 95 Texas, 200; Boydston v. Rockwall County, 86 Texas, 235; articles 926-927 and 3935, Rev. Stat., 1895; Wall v. McConnell, 65 Texas, 397; Trinity County v. Vickery, 65 Texas, 554; Bastrop County v. Hearn, 70 Texas, 563; Bland v. Orr, 90 Texas, 495; Trustees Lytle School District v. Haas, 24 Texas Civ. App., 433; Jernigan v. Finley, 90 Texas, 205; Llano County v. Johnson, 29 S. W. Rep., 56; Pulliam v. Runnells Co., 79 Texas, 363; Logan v. Stephens, 10 Texas Ct. Rep., 410;

Logan v. Stephens Co., 11 Texas Ct. Rep., 421; Palo Pinto Co. v. Gano, 60 Texas, 249; Tomlinson v. Hopkins Co., 57 Texas, 572; Casin v. Lasalle Co., 1 Texas Civ. App., 129; Falls Co. v. DeLaney, 73 Texas, 463.

*R. E. Carswell,* for defendant in error.

SPEER, ASSOCIATE JUSTICE.—This is an action of trespass to try title instituted by plaintiff in error against defendant in error to recover block 99, Matagorda County school lands, situated in Wise County. There was judgment for the defendant.

The merits of the appeal may be determined for the most part by an examination of the orders of the Commissioners Court of plaintiff in error county complained of by plaintiff in error upon the one hand as being void, and urged by defendant in error on the other hand as being sufficient to support the sale made to his vendor thereunder and therefore to authorize the judgment rendered in his favor. On May 15, 1888, the Commissioners Court of Matagorda County passed the following order:

"It is ordered by the court that an order of this court made on the 16th day of Febry., 1888, and recorded in book 'C,' minutes Commnrs. Court, page 88, be amended so as to read as follows, viz.:

"It is ordered by the court that Donald & Cobb, of Wise County, Texas, be and are hereby appointed as agents for the county of Matagorda, in the place of F. C. McCamly, dec'd, for the management and the sale of the Matagorda school lands remaining unsold and situated in said Wise County, and are fully authorized and empowered to sell and convey (by general warranty deed or deeds to the purchaser or purchasers and receive the purchase money therefor) each and all of said lands, at the prices hereinafter set forth in the schedule showing the number of the blocks and prices annexed, to wit: Schedule ............ Block No. 99, $3.00 per acre ........ and upon the following terms, to wit: one-tenth part cash and the balance in ten equal installments of 1-10 each, the first one due January 1 following the date of sale, and the others on the 1st day of January of each year thereafter, all of said notes bearing 10% interest from date, and interest payable annually, said deferred payments to be secured by deed of trust from the purchaser, the purchaser to pay for the execution and the record of all the deeds, deeds of trust and releases, and the cash payment and all subsequent payments of principal and interest are to be made payable at Galveston, Texas, or may be paid to Donald & Cobb with exchange sufficient to convey the same to Galveston, where said money shall be deposited with Ball, Hutchins & Co. as follows, the principal to the credit of the permanent school fund of Matagorda County, and the interest to the credit of J. H. Selkirk, Co. Treasurer of Matagorda County, or his successor in office. Donald & Cobb are instructed to make an annual report on or before the 1st day of May of each year to the county judge of Matagorda County, Texas, giving a complete exhibit of all transactions done by them as agent for said school land during the preceding year."

In pursuance of the order of February 16, of which the foregoing is an amendment, Donald & Cobb and the County Judge and Commissioners of plaintiff in error entered into the following contract: "The State of Texas, County of Matagorda. Articles of contract and agreement entered into and concluded by and between the County Judge and Commissioners Court of Matagorda County, Texas, and Messrs. Donald & Cobb, of Wise County, Texas, Witnesseth, as follows, to wit: That whereas, the said Commissioners Court of said Matagorda County have employed, contracted with and retained Messrs. Donald & Cobb as attorneys for and in behalf of said county to represent them in the business relating to the sale of school lands in Wise County, Texas, belonging to said county of Matagorda as a 'school fund' and to write the deeds, take the notes of the purchasers and advise and represent as attorneys the said county of Matagorda in all matters and things pertaining to the sale of said lands and to the collection of the proceeds of the same, and said county of Matagorda through the Commissioners as aforesaid agree and obligate themselves and the said county in consideration of said services, advice and labor as aforesaid on the part of said Donald & Cobb, to pay them ten percent on the gross amount of the sales, to be paid as the purchase money comes in; for instance, if the land, or any part thereof, is sold for one-half or one-third cash and the residue on time the said percentage to said Donald & Cobb is to be paid them at the time and on each subsequent payment as it is made.

"In testimony whereof, the said Donald & Cobb hereto sign their name, and the Commissioners Court hereto sign by the members thereof and affix their official seal this 2d day of March, A. D. 1888."

By virtue of this authority Donald & Cobb sold the land in controversy to one Colwell, who in turn conveyed to defendant in error, who assumed the payment of all notes due to plaintiff in error for the land.

Plaintiff in error attacks by exceptions to the defendant in error's pleadings setting forth his title, and by objections to their introduction in evidence the foregoing orders and contract and all deeds, reports, notes, receipts and orders concerning the same because, for one reason or another, the said orders were void on their face and conferred no power upon Donald & Cobb to make sale of the land in controversy, or at least that it did not authorize them to receive payment and to transmit the same to Ball, Hutchins & Co. at Galveston, as against the rights of the county treasurer of plaintiff in error to receive the same. Defendant in error's pleadings, however, specifically aver, and his evidence tended to show, that not only had he paid all sums due on said land to Donald & Cobb, the subsequently appointed agents of the county, but that such agents had remitted the same into the hands of plaintiff in error's county treasurer. We have carefully examined the order of plaintiff in error appointing Donald & Cobb agent for the sale of its school lands, and are of opinion that it did not transcend the limits of the power of the Commissioners Court in such matter. It is not contemplated by the Constitution that the sale of county school

lands shall be made directly by the Commissioners Court, but that such court may sell the same in such manner as it may direct. It was within the court's power to authorize Donald & Cobb to make sale of the land in controversy in the manner and upon the terms prescribed in the amended order.

It is insisted, however, that the contract actually signed by the parties stipulates for the payment of commissions and fees to the extent of ten percent of the sales out of the proceeds of such sales, therefore on its face is an unauthorized diversion of the moneys arising from such sales, which would itself vitiate such sales. But the contract does not necessarily mean this. It stipulates that the commissioners and the county agree and obligate themselves to pay to Donald & Cobb "ten percent on the gross amount of the sales, to be paid as the purchase money comes in." A reasonable and fair interpretation of this language is that the commissioners undertook to pay to the agents out of proper funds an amount equal to ten percent of the gross sales when collection on such sales had been made. This interpretation of the contract would make it legal, whereas to hold that the contract authorized the retention of the commissions out of the proceeds of the sales of the land would render the same illegal. The former interpretation should therefore be adopted. Since we hold that the orders of plaintiff in error and the contract were not void, it follows that the court did not err in admitting them in evidence, as well as all other subsequent orders, reports, deeds, notes, etc., made in pursuance thereof, relating to the land in controversy.

It also follows that the verdict and judgment are not without support in the evidence and that the judgment should be affirmed.

*Affirmed.*

Writ of error refused.