### C. P. SANDIFER V. FOARD COUNTY.

Decided January 21, 1911.

**1.—Commissioners Court—Sale of Land—Contract—Construction.**

A County Commissioners Court entered into a contract with a real estate broker for the sale of the county school land, wherein it was provided that the land should be sold at and for a certain price per acre, said price being net to the county. Held, said contract when rightly interpreted meant that the broker as agent for the county was to procure a purchaser for the land at the best price obtainable, and to receive therefor a reasonable compensation, the price of the land in no event to be less than the price named net to the county, and it was not subject to the constitutional objection that it gave to the agent or broker all that he could sell the land for over and above the price named; that is, a part of the proceeds of the sale of the school land.

**2.—Same—Creation of Debt—Constitution Construed.**

A contract by a Commissioners Court with a real estate broker for the sale of the county school land, the broker to receive a certain per cent or a reasonable compensation for his services, was not the creation of such a debt as is contemplated by section 7, article XI, of the Constitution, forbidding the creation of a debt by a county unless provision is made at the time for its payment.

Appeal from the District Court of Foard County. Tried below before Hon. S. P. Huff.

*W. D. Berry, Robert Cole,* and *F. P. McGhee,* for appellant.—This claim is properly against the third class or current expense account of defendant county, and no sinking fund is necessary to provide for its payment. Rev. Stats., art. 794; Palo Pinto County v. Gano, 60 Texas, 249; Rev. Stats., art. 4171; Presidio County v. City Bank, 44 S. W., 1069.

The county having employed Sandifer to sell its school land and reaped the benefit of his services and prestige as a land agent in selling its lands on terms that he procured and for an amount that he secured for the county, all the time claiming his commission, Sandifer should be paid a reasonable compensation, and the fact that he and the commissioners were mistaken as to the fund he should be paid from, makes no difference as to his rights and the county's liability to him therefor. Club Land & Cattle Co. v. Dallas County, 64 S. W., 872; s. c. (Sup. Ct.), 66 S. W., 294; Hollingsworth v. Young Co., 91 S. W., 1094; Tomlinson v. Hopkins Co., 57 Texas, 572; Gallup v. Liberty Co., 122 S. W., 291; Harris Co. v. Campbell, 68 Texas, 26.

The county's poverty has nothing to do with what it owes, if the debt is for legal purposes and to carry out the proper duties and functions of a county, but proof shows that county was not unable to do this work and pay for it. Harris County v. Campbell, 68 Texas, 26; Scrimpf v. Settegast, 36 Texas, 302.

*R. P. Brindley,* County Attorney, and *G. W. Walthal,* for appellees.— No debt or lawful demand was ever legally created in favor of appellant against defendant county for effecting the sale of the county school lands. Const., art. XI, sec. 7; McNeill v. City of Waco, 33 S. W., 322; City of Terrell v. Dessaint, 71 Texas, 770; Noel v. City of San Antonio, 33 S. W., 263; City of Tyler v. Jester, 74 S. W., 359.; Citizens Bank v. City of Terrell, 14 S. W., 1003; Ault v. Hill County, 111 S. W., 425; s. c. (Sup. Ct.), 116 S. W., 359.

SPEER, Associate Justice.—The appellant as plaintiff below sued the appellee to recover commissions as a real estate broker for the sale of seventeen thousand seven hundred and twelve acres of county school land belonging to the defendant, and from an adverse decision by the trial court he has appealed.

The order of Foard County constituting the contract of employment relied on is as follows: "This order entered into the 13th day of February, 1909, by and between the Commissioners Court in and for Foard County, Texas, parties of the first part, and C. P. Sandifer of Foard County, Texas, party of the second part, witnesseth: That the parties of the first part has this day listed for exclusive sale with the party of the second part for a term of six months from date herewith the following described property, towit: 17,712 acres of land, the same being Foard County school, lying and being situated in Bailey County, Texas, at and for the sum of $4 per acre, with 5 per cent interest from date, payable annually or semi-annually; said price being net to the County of Foard, State of Texas, and payable twenty years from date of sale, with option to the purchaser to pay any part or all the principal at or on any interest paying period after ten years from date of sale. It is also understood and agreed that the sale of the above described land is to be made subject to a lease now on said land, which expires on the 30th day of September, 1913. The party of the first part agrees to deed said land in subdivisions, provided the party of the second part thinks necessary to do so in disposing of the said land to the better advantage to the county."

This agreement is signed by the members of the Commissioners Court of appellee, and by appellant. No other order of the Commissioners Court or further act of the parties indicated the amount of compensation to be paid to appellant in case he effected a sale, further than what may be implied from the fact that before a sale was consummated appellant notified the Commissioners Court that he would expect 5 per cent commission. Neither did the Commissioners Court make any provision whatever for the payment of these commissions, if the same be con-

sidered as a debt owing by the county within the meaning of our Constitution.

We will first address ourselves to a consideration of the contract itself and determine whether or not it is void on its face, as contended by appellee. The vice pointed out as rendering the contract void is that it contains an agreement to pay appellant for his services as broker all sums of money received for the county school lands above four dollars per acre, and that such compensation is to come out of the proceeds of such sale. Both parties have apparently treated the subject as though this were the legal effect of the agreement. But we do not so construe it. The contract does not necessarily mean either that appellant is to receive all excess above four dollars per acre, or that his commissions are to come out of the proceeds of the sale at all. When rightly interpreted we think the contract means that appellant as agent for appellee county is to procure a purchaser for the land at the best price obtainable and to receive therefor a reasonable compensation, the price for the land in no event to be less than four dollars per acre net to appellee. Turnley v. Micheal, 15 S. W., 912; Boysen v. Robertson (Ark.), 68 S. W., 243. And the contract further means, we think, that this reasonable compensation is to be paid by appellee in some lawful manner, that is, out of current or general funds. Matagorda County v. Casey, 49 Texas Civ. App., 35 (108 S. W., 476). The above interpretation is at least a fair and reasonable one and has the effect of upholding the validity of the contract; whereas, the construction contended for by appellee would make it of no force whatever.

Without determining whether or not section 7, article XI, of the State Constitution, forbidding the creation of a debt by any county unless provision is made at the time for its payment, is applicable to an insolvent county, such as Foard (Mitchell County v. City National Bank, 91 Texas, 361), we do hold that this was not the creation of a debt contemplated by that section of the Constitution, and that the trial court erred in not sustaining an exception to such a defense. The evidence was such as to call for a determination of the case on its merits. The judgment is therefore reversed and the cause remanded for another trial.

*Reversed and remanded.*

Writ of error granted, affirmed and judgment rendered. Foard County v. Sandifer, 105 Texas, 420