**LANDIS et al. v. W. H. FUQUA, Inc.**

No. 5376.

Court of Civil Appeals, of Texas. Amarillo.

Jan. 12, 1942.

Rehearing Denied March 2, 1942.

James O. Cade, of Lubbock, for appellants.

Underwood, Johnson, Dooley & Wilson, of Amarillo, for appellee.

JACKSON, Chief Justice.

This suit was instituted by the appellants, Thomas L. Landis and the Southern States Loan Company, a corporation, to recover the sum of $3,000 as commission alleged to be due appellants for services they rendered to appellee under an oral contract made in 1940 by the terms of which appellee employed appellants and agreed to pay them for the sale of two ranches fully described in their petition.

Appellants alleged they procured purchasers ready, willing and able to buy and who did buy from appellee said two ranches for the consideration and on the terms and conditions contained in the listing contract.

Appellants' alleged cause of action is sufficiently stated in the following language:

"Plaintiffs say further that the statutory requirement that their contract of listing of such lands be in writing was specifically waived by the defendant when said defendant accepted the benefits of their labor and efforts to procure purchasers

for said lands by selling said lands to Sidney Atkinson and W. B. Stevenson; and that all the things required of them under said oral contract of listing of said lands have been fully performed by plaintiffs; and that said lands have been actually sold and conveyed by the defendant to the prospective purchasers procured by these plaintiffs; by reason of all of which the oral contract or contracts of listing above referred to have become executed contracts and consequently the statutory provision requiring such contracts to be in writing has no application.

"Pleading in the alternative, plaintiffs say that if they be mistaken in their contention that they had a valid listing of said properties or either of them, then, in that event, said plaintiffs were employed on a quantum meruit basis by defendant for the showing of said lands to prospective purchasers, that plaintiffs performed the services for which they were so employed and that the reasonable, customary, usual and fair compensation for such services in showing such lands and seeking out prospective purchasers therefor is $3,000.00."

In answer to appellants' petition, appellee filed and presented general exceptions in which it urged that since the agreement upon which the suit was based was conceded to be oral, appellants could not recover thereon because the Real Estate Dealers License Act requires that in order to maintain an action for the recovery of any commission for the sale of real estate the promise or agreement upon which such action is brought or some memorandum thereof shall be in writing and signed by the parties sought to be bound thereby.

The demurrers urged by appellee were sustained by the trial court. The appellants refused to amend. The case was dismissed and this action of the court is before us for review.

The appellants challenge as error the judgment of the court in holding that they could not maintain their suit on account of the Real Estate Dealers License Act, since the contract in this case has been executed; that they alleged the appellee had accepted the benefits of appellants' services, conveyed the two ranches to the purchasers they procured for the consideration and on the terms required in the listing contract; that such allegations must be accepted as true and therefore the appellee waived the statute and is estopped to plead the provisions thereof relied on as a defense to the oral contract, but, if they are not entitled to recover on the express oral contract, then they are entitled to recover on a quantum meruit for the reasonable value of their services.

The statute of frauds, article 3995, Vernon's Annotated Civil Statutes, so far as applicable to this controversy, reads as follows:

"No action shall be brought in any court in any of the following cases, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunto lawfully authorized:

\* \* \* \* \* \*

"4. Upon any contract for the sale of real estate or the lease thereof for a longer term than one year."

Section 22 of the Real Estate Dealers License Act, General Laws, Forty-Sixth Legislature, page 576, Vernon's Ann.Civ. Art. 6573a, is as follows: "No action shall be brought in any court in this State for the recovery of any commission for the sale or purchase of real estate unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereto lawfully authorized."

In Cargill et al. v. Kountze et al., 86 Tex. 386, 22 S.W. 1015, 25 S.W. 13, 15, 24 L.R.A. 183, 40 Am.St.Rep. 853, Judge Gaines, speaking for the Supreme Court, says: "When the legislature re-enacts a statute which has been construed by the courts, the presumption is that it intended that the new enactment should receive the same construction as the old."

In Priddy v. Green et al., Tex. Civ.App., 220 S.W. 243, 253, it is held: "Contracts within the statute of frauds are not void or illegal, the enforcement of which is only suspended until the provisions of the statute are satisfied. Browne on Statute of Frauds, § 115a; Robb v. [San Antonio St.] Railway, 82 Tex. 392, 18 S.W. 707; Bringhurst v. Texas Co., 39 Tex.Civ.App. 500, 87 S.W. 893; Edwards v. Old Settlers' [Ass'n, Tex.Civ. App.], 166 S.W. 423. \* \* \* The stat-

ute of frauds do not apply where the oral contract is executed. Central Land Co. v. Weems, 73 Tex. 252, 11 S.W. 270."

See also Pou v. Dominion Oil Co., Tex. Com.App., 265 S.W. 886.

The appellants' contention is that the statute of frauds was passed to prevent fraud and perjury and that the policy of the law is that such laws should never be given effect when the enforcement thereof would perpetrate a fraud. They urge with much force and plausibility that under the admitted facts and under these authorities they are entitled to recover because they were suing on an executed contract or, in the alternative, on their plea of quantum meruit.

■ What we have stated makes manifest the fact that this suit is controlled solely by the interpretation and effect given to Section 22 of the Real Estate Dealers License Act, supra. Appellee contends that this statute must be limited by the court in its construction to mean only what it says. The legal proposition here considered, so far as the authorities presented by the attorneys and so far as we have been able to find, is one of first impression. However there are numerous decisions from many of the other states that have affirmatively held that statutes worded similar to ours prohibit the recovery of a commission unless upon a written contract or a memorandum thereof made in writing.

At the risk of infringing upon the rule suggesting that the Courts of Civil Appeals do not indulge in extensive quotations from other authorities or the citation of many decisions, we deem it essential to a proper presentation of appellee's proposition to quote from the following cases and cite numerous others.

■ In Upson v. Fitzgerald et al., 129 Tex. 211, 103 S.W.2d 147, 150, the Commission of Appeals says: "Generally, when a court is called upon to enforce a plain, valid statute, it gives no consideration whatever to the question of whether its enforcement appears to work an injustice in the case before it. To determine the wisdom vel non of a statute is not a judicial function. 'Equity follows the law,' is a familiar maxim."

In Paul v. Graham et al., 193 Mich. 447, 160 N.W. 616, 617, the Supreme Court of Michigan says: "Plaintiff takes the further ground that if the agreement shall be adjudged to be within the statute, then he is entitled to have the judgment affirmed under his count on the quantum meruit. To sustain that count he showed by competent testimony what the value of plaintiff's services was for selling the tracts. It has been the rule of this court to permit recoveries for services actually performed under contracts void under the statute of frauds, either at the contract price or under a quantum meruit. Fuller v. Rice, 52 Mich. 435, 18 N.W. 204; Moore v. Nason, 48 Mich. 300, 12 N.W. 162; Smith v. [Chase & Baker Piano] Mfg Co., 175 Mich. 371, 141 N.W. 563; Smith v. [Chase & Baker] Piano Co., 185 Mich. 313, 151 N.W. 1025. If this rule is to be made applicable to this section of the statute of frauds, it would practically nullify the effect of the statute. Demands for commissions by real estate brokers are not usually made or pressed until the contract is performed. This being so, a recovery could be had, in nearly every instance, either at the contract price or under the quantum meruit. In order to give the act the effect which the Legislature evidently intended it should have, we have decided to hold that no recovery can be had under this section unless the agreement therefor is in writing. This is in accord with the holding of other courts which have construed similar statutes. Leimbach v. Regner, 70 N.J.L. 608, 57 A. 138; Blair v. Austin, 71 Neb. 401, 98 N.W. 1040; McCarthy v. Loupe, 62 Cal. 299."

In Weatherhead v. Cooney, 32 Idaho 127, 180 P. 760, 761, the Supreme Court of Idaho holds:

"The appellant contends that the statute of frauds cannot be set up against an executed contract, and that the statute above quoted is a virtual extension or enlargement of the statute of frauds (Selvage v. Talbott, 175 Ind. 648, 95 N.E. 114, 33 L.R.A., N.S., 973, Ann.Cas.1913C, 724), and should be construed as in pari materia (Doney v. Laughlin, 50 Ind.App. 38, 94 N.E. 1027), that there can be no difference in principle between this case and cases where the conveyance of real property is made without a written agreement, but there has been performance of the verbal contract by one party, or cases where a person has been employed under a verbal contract to render services requiring more than one year for the performance thereof, or any other cases falling within the statute of frauds where an oral contract has been fully executed.

"We think the construction contended for by appellant would absolutely nullify the statute. From its very nature a claim for commission cannot be made until earned. The sale is made, or the agent procures the purchaser ready and able to buy, and not until then does the right to the commission accrue. It accrues by virtue of a contract express or implied. But the statute says that no such contract shall be valid unless in writing. To hold that performance takes a claim of this character out of the operation of the statute would, in our opinion, leave nothing for the statute to operate on. Such construction would render the statute useless and meaningless, and would be tantamount to saying that any contract for a commission or reward for the finding or procuring of a purchaser of the real estate of another is valid, though not in writing and not signed by the owner of such real estate, which is directly opposite to the expressed will of the Legislature."

In Hale et al. v. Kreisel et al., 194 Wis. 271, 215 N.W. 227, 228, 56 A.L.R. 780, 781, the Supreme Court of Wisconsin holds:

"The fundamental question presented by this appeal is whether the Legislature by the passage of this act has prevented recovery upon quantum meruit for services performed in buying or selling real estate when no contract in writing has been made as required by this section.

\* \* \* \* \* \* \* \*

"When this question was presented in Seifert v. Dirk, 175 Wis. 220, 184 N.W. 698, 17 A.L.R. 885, this court held that there could be a recovery on quantum meruit, basing its decision upon the rule that had been applied in cases arising under other provisions of the statute of frauds where recovery was had for services rendered under contracts which were void under the statute of frauds. The fact that practically every court that has considered this question under legislative enactments similar to section 240.10 of the Statutes has held that there can be no recovery upon quantum meruit has led this court to carefully reconsider the question. That consideration has led to the conclusion that the rule in Wisconsin must be brought into harmony with the clear intent of the Legislature, and also into harmony with the adjudicated cases by holding that there can be no recovery in the nature of commissions by real estate brokers or others upon quantum meruit for services rendered in buying or selling real estate."

To the same effect is the interpretation of statutes similar to ours by the courts of Arizona, Washington, Nebraska, Utah, Oregon, Montana, California, Indiana and others. The text books Corpus Juris Secundum, American Jurisprudence, Ruling Case Law and the Restatement of the Law all agree that such is the interpretation of the jurisdictions upon which the question has been passed. Nothing, in our opinion, would be accomplished by further quotations from the decisions and the text books mentioned. Since all the decisions to which we have been cited and all which we have been able to find are unanimous in their interpretation of similar statutes and the reasons given by the courts for such holdings are sound, we conclude that inasmuch as appellants' contract was admittedly oral they were not entitled to recover because they pleaded an executed contract or a right to recover under quantum meruit.

The judgment is affirmed.