## COUGHRAN v. SMITH.

### No. 11232.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 16, 1942.

816

O. F. Burney, of Floresville, for appellant.

D. R. Voges, of Floresville, for appellee.

SMITH, Chief Justice.

Appellee, J. M. Smith, brought this suit and recovered of appellant, Joe Coughran, the amount of a claimed 5% broker's commission alleged to have been earned by appellee in procuring for appellant the sale of a parcel of real estate in Wilson County.

It was conclusively shown that appellee relied solely upon an alleged oral agreement with appellant whereby the latter listed the property with appellee and promised to pay him 5% commission on the price obtained for the property. Sufficient proof was made of the oral agreement and of the sale in pursuance thereof, and appropriate jury findings of those facts were elicited.

It was also shown that in the course of appellee's negotiations with the prospective purchaser he wrote appellant that he had an offer of $12 per acre for the property, and in reply, appellant wrote appellee and asked him to "see if you can't get him up to $15," which appellee subsequently did. Appellee insists that this exchange of letters amounted to a contract or memorandum in writing within the contemplation of § 22, Art. 6573a, Vernon's Civ.Stats., which reads as follows: "Sec. 22. No action shall be brought in any court in this State for the recovery of any commission for the sale or purchase of real estate unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereto lawfully authorized. * * * Acts 1939, 46th Leg., p. 560."

We are of the firm opinion that under the quoted statute appellee was absolutely prohibited from recovering his alleged commission. The statute is plain, unequivocal and mandatory. Landis v. W. H. Fuqua, Inc., Tex.Civ.App., 159 S. W.2d 228, writ refused; Goen v. Hamilton, Tex.Civ.App., 159 S.W.2d 231; Walker v. Keeling, Tex.Civ.App., 160 S.W.2d 310.

Appellee made no pretense of meeting the requirement of the statute, but seeks to evade it solely by virtue of his letter to appellant in which he wrote that he had an offer of $12 per acre for the land, and appellant's reply asking appellee to try to prize the offer to $15 per acre. This correspondence cannot by any stretch of construction be given effect as a written contract or memorandum whereby appellant employed appellee as a broker to procure the sale of the property and pay him 5% commission of the price procured by him therefor.

The judgment is reversed and, the facts being fully developed and conclusive, judgment will be here rendered that appellee take nothing by his suit.

Reversed and rendered.

Opinion delivered and filed December 16, 1942.