**COUSER v. C. & M. PRODUCE CO. et al.**

**No. 11357.**

Court of Civil Appeals of Texas. San Antonio.

Oct. 13, 1943.

Rehearing Denied Nov. 3, 1943.

Morriss & Morriss, of San Antonio, and Suttle & Kessler, of Uvalde, for appellant.

Eskridge, Groce & Chiles, of San Antonio, Ross Doughty, of Uvalde, R. S. Crawford, of Crystal City, and M. C. Chiles and A. C. Lesher, Jr., both of San Antonio, for appellees.

NORVELL, Justice.

Appellant, Raymond A. Couser, brought this action to recover a five per cent. commission claimed by him to be due upon a sale of certain lands owned by appellee C. & M. Produce Company, a corporation. A. F. Childress, the president of the produce company, was also named as a defendant below.

Appellant attempted to plead a written contract giving him a right to the commission sued for. The alleged contract or memorandum in writing consisted of a letter written by A. F. Childress to Couser in reply to a letter written by Couser. Couser's letter to Childress was as follows:

"Feb. 2, 1942

"Mr. Childress
"Uvalde, Texas
"Dear Mr. Childress:
"In regards to the sale of your place of some 5,600 acres to the selected 35 or there about farmers that are approved by the board and is being financed by the Federal Farm Security Administration which I

have been the acting agent, as you ask me to try to sell this tract, and in the event that I could sell or cause to be sold, you told me that you would pay to me the usual 5% commission, I have your word of honor that you will pay to me the commission also have two witnesses to that effect and I am sure that you are a man of your word as every one speaks mighty well of you, but as I told you the other day that with this war on and I might be called, I am asking you to put out deal in writing for the protection of both of us.

"They have assured me that the deal will be made in the near future as they have already selected 29 of the buyers and have plenty to select the six from. So I am sure that the deal is going through, and I would like for you to write me stating that in the event the deal is and when completed that you will pay to me the usual 5% commission. .

"Very truly yours,
"Raymond A. Couser."

Childress' reply was as follows:

"C. & M. Produce Company
"Incorporated
"Uvalde, Texas, Feb. 3, 1942.
"Mr. Raymond A. Couser
"Dilley, Tex.
"Dear Sir:

"I have your letter of the 2d in reference to the sale of the lands of the C & M Produce Co. at La Pryor, Tex., to the Federal Farm Security Administration, and I have noted it carefully.

"It is true, Mr. Couser, that I have attempted to make my word of honor mean something for many years, and I believe I have been accorded this respect and this faith, by my associates, during all these years. I have no hesitancy in saying that any promises I have made in connection with any deal, or for any services rendered, have always been, and will always be kept. I do what I promise.

"Very truly yours,
"A. F. Childress."

The trial court sustained certain special exceptions to the petition, in effect holding that the pleaded contract or memorandum was insufficient in view of Section 22 of the Real Estate Dealers License Act, Article 6573a, § 22, Vernon's Ann.Civ.Stats. Appellant declined to amend and his action was dismissed.

In Dunn v. Slemons, Tex.Civ.App., 165 S.W.2d 203, 206, the following is quoted with approval from 8 Am.Jur. 1013, § 27, viz.: "The general rule that the memorandum of a contract required to be in writing by the statute of frauds must contain the essentials of the contract so that they may be ascertained from the writing or writings without a resort to oral evidence applies to agreements employing brokers to sell or purchase real estate."

In view of this rule, the above statement of all of the writings pleaded is deemed a sufficient statement of the case for the purposes of this appeal.

We hold that such writings are wholly insufficient to satisfy the requirements of Article 6573a, § 22. In his letter, Childress did not agree to pay Couser anything, either individually or as president of the corporation, nor did he agree that the recitations contained in Couser's letter were true. Childress said that his practice was to do that which he had promised to do. He did not specify what he had promised to do.

No reversible error is presented. Coughran v. Smith, Tex.Civ.App., 167 S.W.2d 815; Walker v. Keeling, Tex.Civ.App., 160 S.W.2d 310; Landis v. W. H. Fuqua, Inc., Tex.Civ.App., 159 S.W.2d 228; Goen v. Hamilton, Tex.Civ.App., 159 S.W.2d 231.

The judgment of the trial court is affirmed.