## WATSON v. BRAZELTON et al.

### No. 2557.

Court of Civil Appeals of Texas. Waco.

Nov. 24, 1943.

Rehearing Denied Dec. 16, 1943.

S. J. T. Smith, of Waco, for appellant.

Sleeper, Boynton, Darden & Burleson and Richey & Sheehy, all of Waco, for appellees.

TIREY, Justice.

Dr. Charles L. Watson brought this suit originally against Mrs. Pauline B. Brazel-

ton individually and as executrix of the estate of her deceased husband for commissions alleged to be due for services rendered in the sale and exchange of certain real estate between Mrs. Brazelton and H. L. Turner. By amended pleading he sought to allege fraud and conspiracy against Mrs. Brazelton and A. J. Bush and prayed for recovery against them jointly and severally. After the jury was empaneled the court sustained certain special exceptions urged by both defendants to the plaintiff's amended pleading, which exceptions assailed the sufficiency of the petition in whole and intelligibly pointed out with particularity the defects and omissions to the allegations in said pleading; said exceptions likewise assailed the sufficiency of the memorandum in writing to constitute a cause of action in that the memorandum failed to comply with the statute of frauds, sec. 22 of Article 6573a, Vernon's Ann.Civ. St.; and further assailed the sufficiency of the petition as a whole because it showed on its face that plaintiff was acting for Turner and disclosed an undertaking on the part of plaintiff to act as agent for more than one party in a real estate transaction without the knowledge or consent of all parties thereto in violation of section 11 of said Article. Plaintiff having declined to amend, the court dismissed the cause of action. Plaintiff has appealed.

The action of the trial court is assailed substantially on the ground that the plaintiff's amended pleading alleged a cause of action against defendants. Plaintiff alleged substantially that he was a licensed real estate broker, engaged in the business of procuring purchasers for real estate for a commission, which fact was well known to defendants; that he was the sole and exclusive procuring cause of the contract being made between Mrs. Brazelton and H. L. Turner, which contract provided in part:

"I propose herewith to purchase your home, known and numbered as 2425 Austin Avenue, and more particularly described as Lots 1, 2, 3 and the southwest one-half of lot 4 in block 36 of the Glenwood Addition to the City of Waco, and in payment therefor, I will deed you my present home, known and numbered as 1004 North Fifteenth Street and more particularly described as Lot 2, Block 1, Colonial Annex, 1004 North 15th Street, and in addition thereto pay you the sum of Nine Thousand Dollars ($9,000.00) in cash.

"With the agreement and understanding that each of us will furnish abstract of title certified to date, showing merchantable title to our respective properties; and the taxes and insurance to be pro rated to June 1, 1942, each of us to furnish tax certificates showing taxes paid up to and including 1941.

"I am attaching herewith my check for Five Hundred Dollars ($500.00) as a guarantee of my carrying out this proposal, and will ask that you draw a check in like amount guaranteeing your carrying out of this agreement if accepted by you.

"It is further agreed that you are to pay the commission of five per cent (5%) on Nine Thousand Dollars ($9000.00) and I am to pay the 5% commission on Five Thousand Dollars ($5000.00) * * *.
                "(Signed)   H. L. Turner
"Proposal accepted
"(Signed)    Pauline B. Brazelton * * *."

Plaintiff alleged the consummation of the exchange of the properties between Mrs. Brazelton and Turner; that Turner paid his commission, but that Mrs. Brazelton failed to pay him a commission on the $9,000, or the sum of $450, for which he sued. As a basis of his cause of action for fraud and conspiracy, plaintiff alleged specifically:

"VI. In connection with the next preceding paragraph hereof, this plaintiff further alleges and shows unto the court that the said A. J. Bush, in his capacity as representing the said Mrs. Pauline B. Brazelton as hereinbefore set out, prepared the aforesaid proposition from the said H. L. Turner to the said Mrs. Pauline B. Brazelton and through inadvertence, oversight and/or in furtherance of the scheme and design hereinafter set out, failed and refused to specifically designate in said contract that all of the commissions set out and specified in the foregoing contract was due and payable to this plaintiff, and this plaintiff through inadvertence and oversight and reposing implicit confidence in the said A. J. Bush at the time, did not notice that all of said commissions should be paid to this plaintiff until after the consummation of said sale and/or exchange of properties as hereinbefore indicated when said A. J. Bush knew, or by the exercise of ordinary diligence and care could have known, that it was the purpose and intention of the said H. L. Turner in making the foregoing proposition, and the purpose and intention of the said Mrs. Pauline B.

Brazelton at the time she accepted said proposition, that the entire commissions specified in said contract were to be paid to this plaintiff as aforesaid."

"VIII. Further pleading herein, this plaintiff specially denies that the said Mrs. Pauline Brazelton paid to the said A. J. Bush the $450.00 commission or any part thereof, but if it should develop on the trial of this cause that she did give the said A. J. Bush a check for said amount, that she did so without the knowledge, consent or authority of this plaintiff to whom the said Mrs. Pauline B. Brazelton and the said A. J. Bush well knew it was due and payable; and was paid as a simulated act on their part and in furtherance of a conspiracy, collusion and scheme on their part to beat and defraud this plaintiff out of the $450.00 which was so justly due him as aforesaid, and in this connection this plaintiff on information and belief here alleges the facts to be that the same was so paid by the said Mrs. Pauline Brazelton, if it was so paid, with the distinct understanding and agreement between the said Mrs. Pauline B. Brazelton and the said A. J. Bush that said commission would be refunded and paid back to the said Mrs. Pauline B. Brazelton which would for all intents and purposes operate as a repudiation and failure on the part of the said Mrs. Pauline B. Brazelton to pay to this plaintiff the $450.00 commission which he earned in said transaction hereinbefore alleged, and which exchange of properties would not have been made but for his services as such real estate agent and broker, as aforesaid."

The cause of action asserted by the plaintiff is governed by the provisions of Article 6573a, Vernon's Ann.Civ.St. Section 22 of said Article provides in part: "No action shall be brought in any court in this State for the recovery of any commission for the sale or purchase of real estate unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereto lawfully authorized * * *." Section 8 of Article 10, R.C.S., which governs the construction of all civil statutory enactments, provides: "The rule of the common law that statutes in derogation thereof shall be strictly construed shall have no application to the Revised Statutes; but the said statutes shall constitute the law of this State respecting the subjects to which they relate; and the provisions thereof shall be liberally construed with a view to effect their objects and to promote justice." See also Dunn v. Slemons, Tex.Civ.App., 165 S.W.2d 203; Landis v. W. H. Fuqua, Inc., Tex.Civ.App., 159 S.W.2d 228, writ refused.

It is obvious that the plaintiff's name was not mentioned in the memorandum on which he predicated liability, nor does such memorandum mention the name of any broker; and it is therefore inescapable that he cannot recover on the memorandum relied upon without the introduction of parol testimony varying the terms of such memorandum, and by reason thereof such memorandum in writing is within the statute of frauds. There is nothing in such memorandum to indicate that either defendant owed any duty to plaintiff. Osborne v. Moore, 112 Tex. 361, 247 S.W. 498; Walker Avenue Realty Co. v. Alaskan Fur Co., Tex.Civ.App., 131 S.W. 2d 196; Grafton v. Cummings, 99 U.S. 100, 25 L.Ed. 366.

Moreover, in paragraph 4 of the plaintiff's amended pleading he alleged in part: "That in pursuance of a communication with the defendant Mrs. * * * Brazelton with respect to the sale or exchange of her said residence * * * this plaintiff believing and relying on the fact that the said A. J. Bush was merely a business adviser of the said Mrs. * * * Brazelton and represented her in a fiduciary business and friendly capacity only, and not knowing or having any information of any kind or character that the said A. J. Bush was a licensed real estate agent or broker, or in any manner engaged in the real estate business, * * * this plaintiff approached the said * * * Bush with the view to making the exchange of properties hereinafter set out and procured the contract herein after copied believing and relying on the fact that he was to have and receive for his own use and benefit the entire commission set out and stipulated in said contract; and with no knowledge or intimation that the said * * * Bush was claiming * * * any part of the commission so stipulated in said contract * * *." The foregoing allegation alleges in effect that A. J. Bush was an agent and that plaintiff knew that he was representing Mrs. Brazelton, and with such knowledge he approached Bush with a view to making an exchange of the properties between Mrs.

Brazelton and Turner. The fact that the plaintiff did not know that Bush was a duly licensed real estate broker could be of no avail to the plaintiff because inasmuch as he knew that Bush was acting as the agent of Mrs. Brazelton, it was his duty to ascertain the extent or capacity of the agency under which Bush was acting. Since the negotiations of plaintiff were conducted with Bush, Mrs. Brazelton owed no duty to the plaintiff save and except such duty as resulted by virtue of the acts of her agent Bush, acting as such agent or in the apparent scope of such agency. Did Bush as agent bind Mrs. Brazelton to pay plaintiff a commission? We think not. Paragraph 6 alleged in part: "* * * This plaintiff further alleges and shows unto the court that the said * * * Bush, in his capacity and representing Mrs. * * * Brazelton * * * prepared the * * * (proposal) from the said * * * Turner to the said Mrs. * * * Brazelton and through inadvertence, oversight, and/or in furtherance of the scheme and design hereinafter set out, failed and refused to specifically designate in said contract that all of the commissions set out and specified in the foregoing contract was due and payable to this plaintiff, and this plaintiff, through inadvertence and oversight and reposing implicit confidence in the said A. J. Bush at the time, did not notice or detect that said contract failed to provide that all of said commissions should be paid to this plaintiff until after the consummation of said sale and/or exchange of properties * * * when said A. J. Bush knew, or by the exercise of ordinary diligence and care could have known that it was the purpose and intention of the said H. L. Turner in making the foregoing * * * (proposal) and the purpose and intention of the said Mrs. * * * Brazelton at the time she accepted said * * * (proposal) that the entire commissions specified in said contract were to be paid to this plaintiff * * *." The foregoing language expressly states that the memorandum in writing relied upon by plaintiff was prepared by Bush, and that Bush "failed and refused to specifically designate in said contract that all of the commissions set out and specified in the foregoing contract was due and payable to this plaintiff"; and it acquits Bush of all concealment and misrepresentation and at the same time alleges that plaintiff had an opportunity to read the contract before it was signed by the parties, and that plaintiff did not detect that said contract failed to provide that all of the commissions should be paid to him until after the consummation of the sale, and charges in effect that Bush failed to use ordinary care to protect him. Since plaintiff alleges that as a real estate broker he was representing Turner, and as a broker he approached Bush, whom he knew to be the agent of Mrs. Brazelton, it is clear to us that his pleading acquits both Mrs. Brazelton and Bush of any duty or obligation to him; and, in addition thereto, acquits them of all misrepresentation, concealment and fraud. "* * * to constitute actionable fraud it must appear: (1) That a material representation was made; (2) that it was false; (3) that, when the speaker made it, he knew it was false or made it recklessly without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by the party; (5) that the party acted in reliance upon it; and (6) that he thereby suffered injury. The gist of an action based upon fraud is found in the fraud of defendant and damage to plaintiff. Each of these elements must be established with a reasonable degree of certainty, and the absence of any one of them will prevent a recovery. * * * The ground of the action for misrepresentation is fraud and damage; both must concur to constitute actionable fraud; and, when both concur, the action will lie." Wilson v. Jones, Tex. Com.App., 45 S.W.2d 572, 573, points 1–2.

It is our view that plaintiff's amended pleading failed to allege actionable fraud (measured by the above test) against defendants and likewise failed to state a cause of action for the real estate commission under the provisions of Article 6573a, supra. The defects and omissions to said pleading were pointed out in writing as provided by Rules 90 and 91, Texas R.C.P., and the trial court did not err in sustaining said exceptions.

Appellant further contends that because the transaction between Mrs. Brazelton and Turner was fully consummated it was immaterial that his name was not embraced in the memorandum relied upon. This exact question has been foreclosed adversely to appellant in Walker v. Keeling, Tex.Civ.App., 160 S.W.2d 310 and Landis v. W. H. Fuqua, Inc., supra.

The judgment of the trial court is affirmed.