H. B. OWEN, Appellant,

v.

Ray HENDRICKS, Appellee.

No. 4230.

Court of Civil Appeals of Texas.

Eastland.

March 22, 1968.

Rehearing Denied April 12, 1968.

------◆------

Herbert C. Martin, Amarillo, for appellant.

Nunn, Griggs & Beall, Charles R. Griggs, Sweetwater, for appellee.

GRISSOM, Chief Justice.

H. B. Owen sued Ray Hendricks for a realtor's commission. The contract wherein Hendricks was alleged to have agreed to pay Owen a commission was contained in two letters which were attached to plaintiff's petition. Omitting some immaterial parts, plaintiff's exhibit A was as follows:

"October 7, 1965

Mr. Ray Hendricks,
Roscoe, Texas.

Dear Mr. Hendricks:

I wrote you earlier pertaining to your 960 acres in Dallam County. Also, talked with you on the phone about the possibility of selling the place for you.

There is a party I wish to talk with about the place, but thought that perhaps you should be contacted before going ahead. If you will sell the place, would you advise me by return letter, stating, price, terms and allotments. Did I understand that you were guaranteeing the water?

Will you do some trading on this place?

Have been thinking that I would get down to see you before now, but have been trying to get some ranch deals working.

Enclosed self-addressed, stamped envelope is for your convenience.

Very truly yours,
s/ H. B. Owen
H. B. Owen."

Plaintiff's exhibit B was as follows:

"October 11, 1965

H. B. Owen,
Box 658,
Canyon, Texas.

Mr. Owen;

The 960 acres in Dallam County is for sale. The price is $225.00 *per* acre *net* to me. If you sell the place, you will need to add your commission on top of this.

I can take a large down payment at this time and would require as much down as possible.

The allotment status is 100% milo.

I will not guarantee water, but the place has good water on two sides of it and I feel that water is a certainty.

I will not do any trading.

Sincerely,

Ray Hendricks

RAY HENDRICKS."

The defendant filed a motion for summary judgment based upon Section 28 of Article 6573a which provides that no action shall be brought for such a commission unless the agreement, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith. The defendant alleged, as plaintiff's petition showed, that the instruments upon which the suit was based were said two letters. It was likewise shown, and undisputed, that the only writing signed by the defendant was said letter written by him to Owen Defendant contended that said letters were insufficient, as a matter of law, to authorize plaintiff's suit because (a) the description of the defendant's land was insufficient to comply with said statutory requirements and (b) said letters did not contain an agreement of Hendricks to pay Owen a commission. The defendant's affidavit attached to his motion for a summary judgment was to the effect that plaintiff's exhibit B, defendant's letter to Owen, was the only writing which he had ever signed and delivered to the plaintiff. The plaintiff filed an answer to defendant's motion for a summary judgment to the effect that Hendricks executed plaintiff's exhibit B; that he owned only one tract of land in Dallam County, "Texas," consisting of 960 acres; that defendant's letter was a reply to Owen's letter, and that together they constituted a contract in writing for the sale of defendant's 960 acres of land in Dallam County, Texas; that they stated a price of $225.00 per acre net to the defendant, "fixing the commission of H. B. Owen and under such agreement *he is entitled to a reasonable commission* for sale of the 960 acres of land in Dallam County, Texas." (Emphasis ours.) He further asserted that

said letters constituted a contract fixing plaintiff's right to a commission. Said pleading was sworn to by Owen's counsel. The defendant excepted to the affidavit of plaintiff's counsel opposing defendant's motion for a summary judgment because it was not shown to have been made upon the personal knowledge of the affiant, and it did not affirmatively show the competence of the affiant to testify to the facts stated therein, as required by Texas R.C.P. 166–A, Section (e). The court granted the defendant's motion for a summary judgment, rendered judgment for the defendant, and plaintiff has appealed.

Appellant's points are that the court erred in holding that (1) the description of the land was insufficient to meet the requirements of Section 28 of Article 6573a and that (2) the alleged agreement to pay a commission was likewise insufficient. Appellant contends that his letter and Hendrick's reply constituted a sufficient description of the land and a sufficient agreement to pay a realtor's commission within the meaning of said statute. Appellant argues that such an agreement may be embodied in a series of letters that contain an offer and acceptance, provided they are signed by the respective parties. He says that an examination of the letters reveals a sufficient description of the land and sufficient promise of defendant to pay a commission and, further, that extrinsic evidence was admissible to show that "your 960 acres in Dallam County", was the only land owned by defendant in Dallam County, Texas, and that therefore a summary judgment for defendant was not justified. The quoted description is taken from appellant's letter not from the letter signed by appellee. He cites Pickett v. Bishop, 148 Tex. 207, 223 S.W.2d 222, 223, wherein it was held that such a description, by reason of the use of such words as "my property" or "my land" is sufficient when it is shown by extrinsic evidence that the party to be charged and who has signed the contract owns only one tract of land answering the description therein. With reference to the

sufficiency of the agreement for a commission to comply with the statute appellant points to Subdivision (5) of Section 4 of Article 6573a wherein it is provided that "compensation" shall include commission, as well as the promise thereof, whether contingent or otherwise. He cites Sandifer v. Foard County, 63 Tex.Civ.App. 651, 134 S. W. 823. Appellant concludes that the statute provides for a contingent commission and that the letters constitute a sufficient compliance therewith. Appellant relies upon said two letters. Appellant's letter to appellee does refer to "your 960 acres in Dallam County." Plaintiff's exhibit B, the letter from Hendricks to Owen, does not expressly refer to any previous correspondence and it does not sufficiently describe any particular tract of land. It does not refer, either for a description of the land or for a promise to pay a commission, to any other existing writing. The only reference to a particular tract is to "your 960 acres in Dallam County" in appellant's letter, which, of course, was not signed by appellee. Unless said two letters can be read together as mutually supporting documents there is no description of any particular tract of land. But, according to some authority, even if they are read together, they do not meet the statutory test. In Lindale Realty v. Weary, Tex., 417 S.W. 2d 436 (ref. n. r. e.), it was held that a purported agreement for a realtor's commission did not comply with said statute and was not enforceable because the alleged agreement could not be enlarged by documents not referred to in the writing signed by the party to be charged therewith. It is established law that said requirement of a writing is the same as that in the statute of frauds, Article 3995, and the statute of conveyances, Article 1288. Tidwell v. Cheshier, 153 Tex. 194, 265 S.W.2d 568 and Pickett v. Bishop, 148 Tex. 207, 223 S.W.2d 222. It is also established law that the writing signed by the party to be charged therewith must furnish, within itself or by reference to some other existing writing, the means or data by which the particular land may be identified. Wilson v. Fisher,

144 Tex. 53, 188 S.W.2d 150. Resort may not be had to extrinsic evidence for a description of the land. Rowson v. Rowson, 154 Tex. 216, 275 S.W.2d 468. In the early case of Ragsdale v. Mays, 65 Tex. 255, it was held that a description such as "*my*" 960 acres of land in Dallam County was a sufficient description because of the land owner's statement in a writing signed by him that the 960 acres in Dallam County was his land, provided, it was also shown that the party to be charged and who signed the writing owned only one tract answering that description. Here the only instrument signed by "the party to be charged who signed it" did not so identify the land. Therefore, the description in Hendricks' letter could not be aided by extrinsic proof that Hendricks owned only one such tract. Appellant could not bring the contract within such holding by writing to appellee about "your 960 acres of land in Dallam County." Our Supreme Court has even refused to indulge an inference that a seller of land is the owner thereof, because ownership is not necessarily inferred from the fact that one has contracted to sell it. Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150. Such inadequate description and lack of a written promise by appellee to pay a commission was not aided by the affidavit of appellant's counsel. His affidavit was not made on personal knowledge. It did not set forth facts that would be admissible nor show affirmatively that the affiant was able to testify to the matters stated therein. It cannot thus be shown that appellee owned only one tract of land in Dallam County, Texas, consisting of 960 acres of land, nor any other essential factual element. Of course, it was not effective as to conclusions of law. When a defendant moves for a summary judgment issues raised only by pleadings do not prevent rendition of such a judgment. The facts must be shown by deposition, admissions, affidavits or other proof. Schepps v. American District Telegraph Co., Tex.Civ. App., 286 S.W.2d 684; Schmidt v. Kuper, Tex.Civ.App., 324 S.W.2d 307, reversed on other grounds, 161 Tex. 189, 338 S.W.2d

948. Distinguished counsel's affidavit does not affirmatively show that the facts stated therein were within his personal knowledge and admissible as required by R.C.P. 166–A Weaver v. Brandin, Tex.Civ.App., 394 S.W.2d 709 (writ dis.); Tall Timbers Corporation v. Anderson, Tex.Civ.App., 370 S.W.2d 214, 222, reversed on other grounds Tex., 378 S.W.2d 16. See also McCollum v. May, Tex.Civ.App., 396 S.W.2d 170, 173, and Hill v. Caparino, Tex.Civ.App., 370 S.W.2d 760.

 Appellant's letter to appellee, plaintiff's exhibit A, makes no reference to a realtor's commission. Appellee's letter places a price on the land of $225.00 per acre "net to me." He then says that if appellant sells the land he will need to "add your commission on top of this." Appellee does not agree to pay appellant a commission. There is no agreement as to the amount of a commission. These things are required to be shown by a writing signed by the defendant. Buratti & Montandon v. Tennant, 147 Tex. 536, 218 S.W. 2d 842, 9 A.L.R.2d 742–753; City of Abilene v. Sayles, Tex.Com.App., 295 S.W. 578, 579; McConnell v. Columbia Co., Tex. Civ.App., 326 S.W.2d 20, 23, (ref. n. r. e.); Arnold v. Wilson, D.C., 107 F.Supp. 961; Couser v. C. & M. Produce Co., Tex.Civ. App., 174 S.W.2d 984 (writ ref.) But, appellant says he is entitled to a reasonable commission and, further, that the law permits him to prove by parol what is a reasonable commission. Appellee did not agree to pay a commission. Unquestionably, the writings sued on do not show an agreement as to the amount of commission, nor is the amount shown by reference to an existing writing. Under our Supreme Court's holding in Buratti & Montandon v. Tennant, 147 Tex. 536, 218 S.W.2d 842 parol evidence of what is a reasonable, or the usual, commission is not admissible. See also 9 A.L.R.2d 750–753.

We are forced to the conclusion that the alleged contract does not comply with the statutory requirements as to a description of the land or a promise to pay a realtor's commission or the amount thereof. The court correctly rendered judgment for the defendant. The judgment is affirmed.